OPINION
PATRICK L. SMITH, Chief Justice:
Background
This case presents the question of the burden of proof that a criminal defendant must meet in raising self-defense and whether the trial court committed error in rejecting the claim of self-defense. This Court finds that no error was committed by the trial court in ruling on the claim of self-defense. We affirm.
This case involves a domestic dispute that arose in the early morning hours of October 22, 1998, between Daniel Finley and Shannon Hewankorn. The verbal dispute escalated into a physical altercation wherein Mr. Finley bit Ms. Hewankorn twice on the neck. At trial, Mr. Finley claimed that the biting was an act of self-defense. He alleges that the biting was in self-defense to Ms. Hewankorn grabbing his hair at the top of the head and pulling down. Because of an accident that occurred seven months previous resulting in frontal damage to his skull, and related medical treatment, Mr. Finley testified that he was afraid the hair grabbing could result in serious injury to him. He alleges he bit Ms. Hewankorn in self-defense to prevent this form of serious injury to himself. The trial court heard evidence on whether the biting occurred before or after the alleged hair pulling.
On January 20, 1999, the day before the bench trial, the defendant filed a brief regarding the burden of proof in a self-defense case. In this brief, the Defendant asserted that “all the defendant need do is to bring forward any evidence that he acted in self defense and the burden on the Tribes becomes to disprove self defense beyond a reasonable doubt.” (Trial Brief, at 2). In its response brief, the prosecution argued that the defendant is required to prove self defense beyond a reasonable doubt and that the filing was untimely.
After hearing the factual evidence at trial, Judge Tanner ruled from the bench that the prosecution had met its burden on the assault charge. Judge Tanner then addressed the self-defense claim:
With respect to the issue of the defendant’s affirmative defense of self-defense, the Court, again, did give full consideration to the defense in considering the testimony and evidence presented. The Court, in its consideration, states that the defendant did not produce sufficient evidence on the issue to raise a reasonable doubt.
(Tr. at 128). The trial judge stated that she made this determination after weighing the defendant admission and testimony and after considering the weight of other witnesses called to testify. The trial court also found that the defendant failed to demonstrate that there was no convenient or reasonable mode of escape, thus nullifying the defendant’s claim to self-defense. Id.
Analysis
Our1 analysis begins with the Tribal Law and Order Code. Section 2-3-101 states:
*76 A person is justified in the use of force or threat to use force against another when and to the extent the person reasonably believes that such conduct is necessary to: a. defend herself or himself or another against the offender’s imminent use of unlawful force;....
Section 2-3-102 also provides that:
Self Defense is not available to a person who:
2. Knowingly or purposely provokes the use of force against herself or himself unless:
a. Such force is so great that the person reasonably believes there is imminent danger of death or serious bodily harm and the person has exhausted every reasonable means to escape such danger.
The defendant alleges that the burden rests with the prosecution to disprove self-defense beyond a reasonable doubt. Under defendant’s theory, all the defendant need do is bring forward “any evidence” that he acted in self-defense, then the burden shifts in its entirety to the prosecution to disprove self-defense beyond a reasonable doubt.
The United States Supreme Court provides some clear- guideposts on this matter. The Supreme Court, in the case of In the Matter Samuel Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), held that the reasonable-doubt standard of criminal law has constitutional stature grounded in the due process clause. Referring to the reasonable doubt standard, the Winship court states:
This notion—basic in our law and rightly one of the boasts of a free society—is a requirement and a safeguard of due process of law in the historic, procedural content of due process.
397 U.S. at 362, 90 S.Ct. 1068 (quoting Justice Frankfurter).
In Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Supreme Court required the prosecution to prove beyond a reasonable doubt the mitigating facts that would reduce a crime from murder to manslaughter, striking down the Maine law that required the defendant to prove these mitigating facts by a preponderance of the evidence.[1] In Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the Supreme Court upheld the State of New York placing the burden on a defendant of proving by a preponderance of the evidence an affirmative defense that would reduce a crime from second degree murder to manslaughter.
In Patterson the Court made an important clarification to reconcile its holding with Mullaney.:
We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. ... Proof of the nonexistence of all affirmative defenses has never been constitutionally required....
432 U.S. at 210, 97 S.Ct. 2319. Consistent with the principle laid down in Patterson, the Supreme Court in Martin v. Ohio, 480 *77 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), upheld Ohio law requiring a defendant to prove by a preponderance of evidence that the defendant was acting in self-defense. The Court noted that all but two of the States have abandoned the common law rule (which places the self-defense burden on the defendant) and required the prosecution to prove the absence of self-defense when it is properly raised by the defendant. In Martin the Supreme Court affirmed that there is no constitutional due process requirement that the prosecution must bear the burden to disprove the self-defense. Therefore, this leaves considerable discretion in the States and Tribal Governments to allocate this burden. See also Jones v. United States, 526 U.S. 227, 241-42, 119 S.Ct. 1215, 1223-24, 143 L.Ed.2d 311 (1999)(reaffirming that there is no constitutional requirement that States must disprove every fact constituting an affirmative defense).
With these Supreme Court guideposts in mind, this Court is left to decipher the burden of proof allocation in the Salish-Kootenai Tribe’s self-defense statute which is silent on the question. As discussed above, the Supreme Court has determined that there is no violation of constitutional due process if a State places a burden on a defendant to prove by a preponderance of the evidence that an affirmative defense (or mitigating circumstance) exists. The only caveat stated by the Supreme Court is that a State may not alleviate the prosecution of its burden of proof on every element of a crime by casting an element of proof as an affirmative defense and then shifting the burden to the defendant. This caveat concern is not present in this case.
In the absence of the tribal code providing any guidance as to the burden of proof in self-defense matters, Judge Tanner’s opinion indicates that she concluded that the defendant did not produce “sufficient evidence” regarding the claim to self-defense to raise a reasonable doubt in the judge’s mind.[2]
We believe Judge Tanner reasonably applied the burden of proof standard given the lack of direction in the Tribal Code. Importantly, she first concluded that the prosecution had met its burden of proving beyond a reasonable doubt every element of the crime of assault. Thus, this is not a case where the burden of proof regarding an element of a crime is being shifted to the defendant improperly or under the ruse of an affirmative defense or mitigating factor. See Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).
The “sufficient evidence” standard applied by Judge Tanner lies somewhere between the “any evidence” standard argued for by the prosecution and the “preponderance of evidence” standard which the Supreme Court has affirmed in Patterson and Martin. Therefore it does not offend the due process clause and it is a reasonable interpretation of the tribal self-defense code.[3]
*78 The trial court’s rejection of the claim of self-defense is also independently suppoi'ted by the trial court’s conclusion that the defendant failed to establish that he had exhausted every reasonable means to escape the alleged danger. See 2-3-102(2)(a). This factual finding, standing alone, strips the defendant of a claim to self-defense.
For the following reasons, the decision of the lower court in this matter is unanimously AFFIRMED.
Associate Justice CLAYTON MATT, Associate Justice CYNTHIA FORD.

. This opinion is distinguishable from the facts here because Maine requires the prosecution to prove the absence of self-defense beyond a reasonable doubt. 421 U.S. at 702, 95 S.Ct. 1881. Therefore the Supreme Court reasoned requiring the same burden on the prosecution for purposes of disproving alleged mitigating facts posed “no unique hardship.” The Maine Supreme Judicial Court required the defendant to produce "some evidence” of the self-defense, but the ultimate burden of persuasion by proof beyond a reasonable doubt rested with the prosecution. Id. at n. 30.

. Because the defendant opted, just prior to trial, to a bench trial and waived its right to a jury, the issue of jury instructions is not present here. Therefore the risk of jurors being confused over the burden of proof regarding the self-defense claim is not an issue. The trial judge would have greater understanding and experience to apply its judgement on the burden of proof question, as compared to a jury. This factor also militates in favor of affirming the trial judge. Judge Tanner’s reference to self-defense as an “affirmative defense” is inconsequential.

. The trial judge's reasonable interpretation also finds support in that the "sufficient evidence” burden of proof on the defendant has been employed by the State of Montana in affirmative defense matters. See § 45-3-115 *78 MCA. In fact, this same standard has now been expressly added to the Salish-Kootenai code provision which defines self-delense. § 2—I —304(c)(3). Of course, the latter inclusion has no application to this case because this case precedes the code revision. Just as the Supreme Court has been deferential to States which define the burden of proof in affirmative defense or mitigating circumstance statutes, the same deference should be applied to Tribal governments—or tribal judges reasonably interpreting self-defense code provisions.